NicholsoN, C. J.,
delivered the opinion of the Court.
Defendant was presented at the September Term, 1870, of the Knox county Criminal Court, for having a gallery for taking photographs, ambrotypes, and other likenesses, without paying the privilege tax and taking out a license, contrary to the Act of February 24th, 1870, ch. 71, sec. 1. The Circuit Judge sustained a demurrer to the indictment, upon the ground that the Act of Assembly imposing the tax was unconstitutional, and quashed the same. From this judgment the State has appealed.
The Constitution of 1834 contained the same lau~ *283 guage, as to the taxation of “privileges,” that is found in the Constitution of 1870. It' is as follows: “But the Legislature shall have power to tax merchants, pedlars, and privileges, in such manner as they may from time to time, direct.” This language had been judicially interpreted in several cases, prior to the adoption of the Constitution of 1870. In the case of the Mayor and Aldermen of Columbia v. Guest, the Court said: “We have defined it in several cases, to be the exercise of an occupation, or business, which requires a license from some proper authority, designated by a general law, and not open to all, or any one, without such license”: 4 Sneed, 193; 5 Sneed, 258.
Such was the fixed judioial interpretation of the word “privileges,” when the Convention of 1870 adopted exactly the same language, in forming the present Constitution. It was adopted with a full knowledge of the meaning which had been attached to it by the courts. This is conclusive as to the present interpretation to be placed on it.
The Act of -February 24th, 1870, c. 24, sec. 1, is as follows:
“From and after the passage of this Act, artists taking photographs, ambrotypes, or any other likenesses, shall take out a license semi-annually, and pay a privilege tax therefor, as follows: For each and every gallery located in a city of over three thousand inhabitants, thirty-five dollars; for each and every gallery located in a' town of from five hundred to three thousand -inhabitants, twenty dollars; for each and every gallery located in a town of less than five hundred inhabitants, or in the country, five dollars. Said tax to be paid to the Clerk of the County *284 Court- of tbe county in which the gallery may be located.”
This Act constituted the occupation or business of taking photographs, ambrotypes, and other likenesses, a privilege, according to the established definition of that term. Under the power “to tax privileges in such manner as the Legislature may from time to time, direct,” this Act is constitutional, unless it is in conflict with Art. 11, Sec. 8, of the Constitution. This section is as follows :
“The Legislature shall have no power to suspend any general law for the benefit of a.ny particular individual, nor to pass any law for the benefit of individuals, inconsistent with the general laws of the land; nor to pass any law granting to any individual or individuals rights, privileges, immunities, or exemptions, other than such as may be, by the same law, extended to any member of the community who may be able to bring himself within the provisions of such law.”
By the plain and express language of Art. 2, Sec. 28, the Legislature has the power to exercise its discretion as to the mode of taxing privileges. If there is a conflict between this section and Sec. 8 of Art. 11, it is our duty so to construe them as to make both sections operative. But the first question is, does such conflict exist? It can not be maintained that the first clause of Sec. 8, Art. 11, is violated by the Act of February 24, 1870, c. 71, because this Act does not suspend any general law for the benefit of an individual, nor is it a law for the benefit of individuals, inconsistent with the general laws.
But it is insisted that the next clause in Sec. 8. *285 Art. 11, is inconsistent with, and restrictive of Sec. 28, Art. 2, and, therefore, that the Act of February 24, 1870, c. 71, being in violation of the restrictive section, is unconstitutional. If the premise is correct, the conclusion is legitimate. Then the enquiry is Does the Act of February 24, 1870, c. 71, grant to any individual or individuals, rights, privileges, immunities, or exemptions, other than such as may be, under that Act, extended to any other member of the community? The Act fixes a maximum tax on photographers of $35; and this is assessed on all who have galleries in cities of 3,000 inhabitants and over. There are no rights, privileges, immunities, or exemptions, granted to such artists, which may not be extended by this law to any other member of the community, who may choose to open a gallery for taking photographs, &c., in a city of 3,000 inhabitants or over. It is not easy to understand what kind of rights, privileges, immunities, or exemptions, those are which are granted to an artist by taxing him $35 for exercising his art.
But the Act assesses a tax of $20 on those photographers who exercise their art in a town of not less than 500 and not more than 3,000 inhabitants. Is this class legislation? This class of artists enjoy no rights, privileges, immunities, or exemptions, which any other artist can not enjoy under the same law. If the artist, in a city of 3,000 inhabitants or over, desires to enjoy the exemption or immunity from the tax of $35, under this Act, he can have the right and privilege of living in a town of less than 3,000 in *286 habitants and not more than 500, by moving his gallery there — the Act presents no obstacle to his doing so. So, in like manner, under the Act, the classes of artists who are required to pay $35, or $20, can be exempted from these taxes, and have the benefit of a $5 tax, by taking their galleries into a 500 inhabitant town, or into the country. It can not be class legislation when every' member of the community has the right to turn photographer, and exercise his art, either in a city, in a town, or in the country, as he may elect.
As to the policy of the graduation of the tax, according to the size of the city or town, we have nothing to say. This is a matter left to the discretion of the Legislature by Art. 2, Sec. 28; and we do not think that Art. 11, Sec. 8, contains any restriction on that discretion which has been violated by the Act of February 24, 1870, c. 71.
"We, therefore, reverse the judgment of the Circuit Court, and remand the cause to be further proceeded in.